Neville L. Johnson   (SBN 66329)
Douglas L. Johnson (SBN 209216)
Frank R. Trechsel (SBN 312199)
**JOHNSON & JOHNSON LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone:   (310) 975-1080
Facsimile:   (310) 975-1095
Email:       djohnson@jjllplaw.com
             ftrechsel@jjllplaw.com

*Attorneys for Plaintiff*
ASSOCIATED PRODUCTION MUSIC LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ASSOCIATED PRODUCTION MUSIC LLC, a New York limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> JOHNSON & JOHNSON, a New Jersey Corporation; <br><br> Defendant. | CASE NO. 2:24-cv-7579 <br><br> **COMPLAINT FOR:** <br><br> 1. **DIRECT COPYRIGHT INFRINGEMENT** <br> 2. **CONTRIBUTORY COPYRIGHT INFRINGEMENT** <br> 3. **VICARIOUS COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

1

Plaintiff Associated Production Music LLC ("APM" or "Plaintiff"), by and through its undersigned attorneys, brings this complaint (the "Complaint") against Johnson & Johnson, a New Jersey Corporation ("Defendant") upon knowledge and belief as to itself and as to all other matters upon information and belief of its undersigned attorneys.

## NATURE OF THE ACTION

1.      This is an action for copyright infringement in connection with the United States terms of copyright (the "Copyrights") in the sound recordings listed on **Exhibit 1** to the Complaint (the "Recordings") and incorporated herein.

## PLAINTIFF

2.      Plaintiff APM is a New York limited liability company with its principal place of business located in Hollywood, California.

## DEFENDANT

3.      Defendant Johnson & Johnson is a corporation organized under the laws of New Jersey, with its principal place of business in New Brunswick, New Jersey. It is the parent company of many subsidiaries, spin-offs, and related brands.

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction is appropriate to this Court under 28 U.S.C. §§ 1331 and 1338 because this action arises under the Copyright Laws of the United States (17 U.S.C. §§ 101 et seq.), and this Court has supplemental jurisdiction over any related state law claims under 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Defendant in that, among other things, Defendant's conduct caused injury to APM and its intellectual property within the State of California through exploitation of the Recordings on YouTube, X (formerly Twitter), Instagram, and Facebook, all California-based companies, accessible to California-based consumers. Additionally, Defendant: (a) regularly does business or solicits business in the State of California, (b) engages in

a persistent course of conduct in the State of California, (c) derives substantial revenue from consumers located in the State of California, (d) expects or should reasonably expect its acts to have consequences in the State of California, and (e) derives substantial revenue from interstate commerce.

6.     Venue is appropriate under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims occurred in Los Angeles County, and Defendant's actions caused injury in Los Angeles County.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7.     APM is the leading production music company in North America. Production music is the name given to recorded music that is intended to be licensed to customers for use in film, television, radio, and other media. With more than one million tracks, APM's production music catalog is the largest, deepest, and broadest music collection in the production music industry. Indeed, APM's catalog consists of over 50 diverse and in-demand production music libraries, including KPM Music, Bruton, Sonoton, Cezame, and Kosinus. Some of APM's most well-known tracks are "Heavy Action" (a.k.a. The Theme for *Monday Night Football*), "The Big One" (a.k.a. The Theme for *The People's Court*), and "Sweet Victory" (from the *SpongeBob SquarePants* episode "Band of Geeks"). APM's music has also been synchronized on major entertainment properties such as *GLOW*, *This is Us*, *Westworld*, *The Americans*, *Stranger Things*, *Atlanta*, *Game of Thrones*, *SpongeBob SquarePants*, *The Ren & Stimpy Show*, *Lady Bird*, *Mudbound*, *The Disaster Artist*, *The Big Sick*, *The Shape of Water*. *Call of Duty: Infinite Warfare*, *Tom Clancy's Ghost Recon Wildlands*, the *Saints Row* series, and *MLB: The Show*.

8.     As the North American subpublisher of its highly valuable catalog, which includes the Copyrights to the Recordings, APM possesses the exclusive rights to record, reproduce, distribute, advertise, and otherwise exploit such

copyrighted works, as well as to license others to do so in exchange for the payment of royalties or fees customarily associated with the issuance of such licenses.

9.      Defendant Johnson & Johnson is the parent company of numerous entities operating throughout the United States. Johnson & Johnson operates its own YouTube, Instagram, Facebook, and X (formerly Twitter) channels on which it posts numerous promotions and advertisements for its and its subsidiaries' products. Some of these brands and subsidiaries are held by a recently created Johnson & Johnson spinoff or subsidiary, Kenvue, Inc.

10.     There are numerous Johnson & Johnson channels solely dedicated to specific subsidiaries, brands and affiliates on YouTube, Instagram, Facebook and X (formerly Twitter).

11.     In or about 2024, APM became aware that defendant, Johnson & Johnson, and its affiliated and/or wholly owned subsidiaries' and brands' social media channels, have engaged, and are currently engaging in, rampant infringement of the Recordings by exploiting them in connection with numerous promotional postings as listed on **Exhibit 1** to the Complaint and incorporated by reference herein.

12.     At no point did Defendant ever obtain APM's license, authorization, or consent to synchronize the Recordings with the Videos. Moreover, despite being repeatedly contacted by APM regarding Defendant's unlicensed uses of the Recordings, Defendant has refused to obtain proper licenses or admit wrongdoing.

## <u>FIRST CAUSE OF ACTION</u>

### DIRECT COPYRIGHT INFRINGEMENT

13.     Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 12, as though fully set forth herein.

14.     Without Plaintiff's authorization, license, or consent, Defendant reproduced, distributed, and/or publicly performed the Recordings as part of the

Videos, thereby infringing Plaintiff's exclusive rights of copyright to the Recordings under the Copyright Act, 17 U.S.C. §§ 106, 501.

15. On information and belief, Defendant has authorized the reproduction, distribution, and/or public performance of the Recordings by synchronizing the Recordings with the Videos on YouTube, and by further distributing the Videos on platforms such as Facebook, Instagram, and X (formerly known as Twitter).

16. Each unauthorized reproduction, distribution, and/or public performance of the Videos constitutes a separate and distinct act of copyright infringement of the Recordings.

17. Defendant's conduct has been intentional, willful and with full knowledge of Plaintiff's copyrights in the Recordings and the direct infringement thereof.

18. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendant's direct infringement of Plaintiff's copyrights, Plaintiff is entitled to recover its actual damages, including Defendant's profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

19. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

20. Defendant is causing, and unless enjoined by the Court, will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502, prohibiting the continued infringement of the Recordings and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works, including the Videos.

////

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SECOND CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

21.    Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 20, as though fully set forth herein.

22.    Through their conduct alleged herein, Defendant knowingly and systematically induced, caused, materially contributed to and participated in infringing distribution by third parties of the Recordings, including, without limitation, by way of reproduction, distribution, and/or public performance through the YouTube platform. Specifically, by licensing to YouTube the right to reproduce, distribute, and/or publicly perform the Videos, Defendant induced and encouraged YouTube, Instagram, X (formerly known as Twitter), and Facebook to directly infringe Plaintiff's Copyrights.

23.    Defendant's conduct has been and continues to be intentional, willful and with full knowledge of Plaintiff's copyrights in the Recordings, and the contributory infringement thereof.

24.    Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendant's contributory infringement of Plaintiff's copyrights, Plaintiff is entitled to recover its actual damages, including Defendant's profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

25.    Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law. Defendant is causing, and unless enjoined by the Court, will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502 prohibiting the continued contributory infringement of the Recordings and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all

infringing works.

### THIRD CAUSE OF ACTION

### VICARIOUS COPYRIGHT INFRINGEMENT

26.     Plaintiff hereby incorporated the allegations set forth in paragraphs 1-25, as though fully set forth herein.

27.     Through their conduct alleged herein, Defendant knowingly and systematically induced, caused, materially contributed to and participated in infringing distribution by third parties of the Recordings, including without limitation, by way of reproduction, distribution, and/or public performance through the various websites listed on **Exhibit 1**. Specifically, Defendant enjoyed a direct financial benefit from the reproduction, distribution, and/or public performance of the Videos while having the right and ability to supervise the infringing activity yet failed to exercise that right and ability to prevent the infringing activity.

28.     Defendant's conduct has been and continues to be intentional, willful and with full knowledge of Plaintiff's copyrights in the Recordings, and the contributory infringement thereof.

29.     Pursuant to U.S.C. § 504(b), as a direct and proximate result of Defendant's vicarious infringement of Plaintiff's copyrights, Plaintiff is entitled to recover their actual damages, including Defendant's profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

30.     Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

31.     Defendant is causing, and unless enjoined by the Court will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502 prohibiting the continued vicarious infringement of the Recordings and an order under 17 U.S.C.

§ 503 directing the impoundment, destruction or other reasonable disposition of all infringing works.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for Judgment as follows:

**On the First Claim for Direct Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendant, as a result of its acts of infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;

2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Recordings during the terms of copyright; and

3. For attorneys' fees and costs.

**On the Second Claim for Contributory Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendant, as a result of their acts of contributory infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;

2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Recordings during the terms of copyright; and

3. For attorneys' fees and costs.

**On the Third Claim for Vicarious Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendant, as a result of its acts of vicarious infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to

$150,000 per work infringed, according to proof at the time of trial;

2. For a temporary, preliminary, and permanent injunction, prohibiting the continued infringement of the Recordings during the terms of copyright; and

3. For attorneys' fees and costs.

**<u>On All Claims For Relief:</u>**

1. For costs of suit and attorneys' fees incurred herein;

2. For prejudgment interest at the legal rate; and

3. For such other and further relief as the Court deems just and proper.

Dated: September 5, 2024                         **JOHNSON & JOHNSON LLP**

                                        By   */s/ Douglas L. Johnson*
                                             Douglas L. Johnson
                                             Neville L. Johnson
                                             Frank R. Trechsel
                                             *Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: September 5, 2024                    **JOHNSON & JOHNSON LLP**

                                   By   */s/ Douglas L. Johnson*
                                        Douglas L. Johnson
                                        Neville L. Johnson
                                        Frank R. Trechsel
                                        *Attorneys for Plaintiff*

10
COMPLAINT